**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ALICIA KESLER,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>    Defendants. | **REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER**<br><br>Case No. 2:18-cv-469-RJS-BCW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] This matter is before the court on Plaintiff's Motion for Appointment of Special Master. [ECF No. 7]. Having considered Plaintiff's arguments and memoranda in support of said motion, and otherwise being fully informed on the matter, the court hereby recommends denying the motion without prejudice.[2]

## BACKGROUND AND ANALYSIS

Plaintiff requests that the Court appoint a special master. By statute, "[a] judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts." 28 U.S.C. § 636 (b)(2). Rule 53 of the Federal Rules of Civil Procedure authorizes the Court, in its

---

[1] ECF No. 6.
[2] The Court recently denied the Plaintiff's motion for appointment of counsel and asked her to amend her Complaint to avoid dismissal of this action.

discretion, to appoint a special master. Pursuant to Rule 53, a Court may appoint a master only to:

> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> > (i) some exceptional condition; or
> > (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> 
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Here, it does not appear these requirements are met at this juncture. First, there is not the consent from the parties—most of the parties have not been served and as acknowledged by Plaintiff "this motion will likely be opposed by the Defendants." Next, without citing any facts or evidentiary support, Plaintiff argues there (1) are many more John Does yet to be discovered; (2) is the concealment/fabrication of documents; (3) is the need to do an accounting or resolve a difficult computation of damages; (4) are potential class actions in other states. Plaintiff also generally cites statistics related to the foreclosure and seizure of properties throughout the nation. Plaintiff's vague and conclusory allegations alone, even when compounded with the cited statistics about foreclosures, without more, are not enough to warrant the appointment of a special master at this stage of the litigation. Plaintiff's request is premature and unsubstantiated.

Accordingly, the Court RECOMMENDS that the Motion to Appoint a Special Master [ECF No. 7] be denied without prejudice.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for appointment of special master [ECF No. 7] be denied without prejudice.

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff who is hereby notified of her right to object. Within fourteen (14) days after being served with a copy, Plaintiff may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 10th day of July, 2018.

BY THE COURT:

Brooke C. Wells
U.S. Magistrate Judge