IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA KESLER,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>    Defendants. | ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS, MOTION FOR APPOINTMENT OF SPECIAL MASTER, PETITION FOR ACCOMMODATION, AND PETITION FOR RESTYLE<br><br>Case No. 2:18-cv-469-RJS-BCW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

District Judge Robert J. Shelby referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[1] This matter is before the court on Plaintiff's 1) Motion for Official Service of Process Service [ECF No. 5]; 2) Motion for Appointment of Special Master [ECF No. 40];[2] 3) Petition for Accommodation, [ECF No. 46], and 4) Petition for Restyle (Motion to Substitute Parties) [ECF No. 48]. Having considered Plaintiff's arguments and memoranda in support of said motions, and otherwise being fully informed on the matter, the court hereby DENIES all four motions.

## ANALYSIS

    I.    Motion for Service of Process

Before the Court is Plaintiff Alicia Kesler's (Plaintiff) Motion for Service of Process. The undersigned has reviewed Plaintiff's motion and it is incomplete. In this action, Plaintiff has

---

[1] ECF No. 6.
[2] This is the Plaintiff's second attempt to obtain appointment of a special master. *See* ECF No. 7.

named over 20 defendants.  Yet in her motion Plaintiff states "The full names and addresses of the defenses are contained in the complaint."  The Plaintiff does not list the names or addresses of the defendants she wants served in her motion.  Several defendants have entered appearances and some have jointly filed a dispositive motion.  It is not the Court's prerogative to figure out which defendants remain to be served.  It is the Plaintiff's job to prosecute her own case.  Accordingly, the court finds Plaintiff's motion [ECF No. 5] to be incomplete and denies it WITHOUT PREJUDICE.

      II.      <u>Motion for Appointment of Special Master</u>

Plaintiff requests that the Court appoint a special master because she has now named 24 defendants in this matter and this may include a class action law suit.  By statute, "[a] judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts." 28 U.S.C. § 636 (b)(2).  Rule 53 of the Federal Rules of Civil Procedure authorizes the Court, in its discretion, to appoint a special master.  Pursuant to Rule 53, a Court may appoint a master only to:

> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> >(i)  some exceptional condition; or
> >(ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

It does not appear any of these requirements are met here.  As acknowledged by the Plaintiff, "this motion will likely be opposed by the Defendants."  Next, without citing any facts or evidentiary support, Plaintiff argues there (1) are many more John Does yet to be discovered; (2)

is the concealment/fabrication of documents; (3) is the need to do an accounting or resolve a difficult computation of damages; (4) are potential class actions in other states. Plaintiff also generally cites statistics related to the foreclosure and seizure of properties throughout the nation. Plaintiff's vague and conclusory allegations alone, even when compounded with the cited statistics about foreclosures, are not enough to warrant the appointment of a special master at this stage of the litigation. Plaintiff's request is premature and unsubstantiated. Accordingly, the Court denies the Motion for Appointment of Special Master [ECF No. 40].

III.     Petition for Accommodation

The Court notes this petition is quite unusual. Plaintiff requests an ADA accommodation for a non-licensed individual, who she claims will appear in Court as her unpaid litigation assistant. But her petition does not specify an actual accommodation or state a disability covered under the Americans with Disabilities Act.[3] In substance, it appears Plaintiff is asking the Court to allow a non-lawyer, who is a non-Utah resident, named David McCrae, to be her counsel.

28 U.S.C. §1654 provides as follows: "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[4] Our local rules provide that "individuals may represent themselves in the court."[5] However, our local rules do not allow non-lawyers to represent or "assist" pro se litigants in court. In fact, the Tenth Circuit has even held that a non-attorney parent bringing an action on behalf of their minor child must be

---

[3] The Plaintiff's motion makes a vague reference to a head injury in 1972, and occasional seizures and neurological and memory issues.
[4] *See* 28 U.S.C. §1654.
[5] DUCiv.R 83-1.3(c).

represented by counsel.[6]  This rule protects the legal interests of minors and prevents non-licensed persons from appearing as attorneys on behalf of others.[7]  The spirit of that rule applies here as well.  Accordingly, the Court denies Plaintiff's request to allow Mr. McCrae to be her legal assistant and/or have an unspecified accommodation so he can assist her in Court. [ECF No. 46].

    IV.    <u>Petition for Restyle (Motion to Substitute)</u>

Plaintiff does not cite any authority in support of her petition, which presumably is a motion to substitute.  She asks the Court to "dismiss Shellpoint and Newpoint" as defendants and replace them with New Residential Investment Corporation (NRIC), because NRIC purchased Shellpoint and Newpoint.

Rule 25(c) allows for substitution of parties when a transfer of interest occurs.  This Rule states:

> Transfer of Interest.  If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.  The motion must be served as provided in Rule 25(a)(3).

The Plaintiff did not file any documents in support of her motion.[8]  Accordingly, the Court finds the requirements of service under Rule 25(a)(3) have not been met.  It is unknown if in fact NRIC purchased Shellpoint and/or New Penn, and/or assumed their rights or interests in this lawsuit. Thus, the Court finds Plaintiff's request for substitution of parties under Rule 25 is not well taken and the motion to substitute [ECF No. 48] is denied.

---

[6] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).
[7] *See Heffington v. Derby united Sch. Dist. 260*, No. 11-2276-CM, 2011 WL 5149257, *2 (Oct. 28, 2011) (internal citation omitted).
[8] Any party proceeding in its own behalf without an attorney is expected to be familiar or proceed in accordance with the rules of practice of this court.  DUCivR 83-1.1(f).

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Official Service of Process [ECF No. 5] is denied WITHOUT PREJUDICE; Motion for Appointment of Special Master [ECF No. 40] is denied; Petition for Accommodation [ECF No. 46] is denied; and Petition for Restyle (Motion to Substitute) [ECF No. 48] is denied.

DATED August 24th, 2018.

BY THE COURT:

*Brooke C. Wells*

Brooke C. Wells
U.S. Magistrate Judge