# IN THE UNITED STATES DISTRICT COURT FOR THE

# DISTRICT OF UTAH

| | |
|---|---|
| ALICIA KESLER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>Defendants. | **ORDER UNREFFERING CASE FROM MAGISTRATE JUDGE AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:18-cv-469<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Alicia Kesler filed a Complaint against Defendants, alleging, among other things, that Defendants fraudulently foreclosed on her home.[1] For the reasons discussed below, the court enters this Order to Show Cause drawn to Kesler's apparent failure to effect service of her Complaint on Defendants.

On June 11, 2018, Plaintiff Alicia Kesler sought Leave to Proceed in forma pauperis,[2] which Judge Wells granted.[3] Kesler then filed a Motion for Official Service of Process, requesting an order directing the United States Marshal's Service to serve process.[4] Judge Wells denied Kesler's motion without prejudice, ruling Kesler's motion was incomplete because it did not list the "names and addresses of the defendants she wants served in her motion."[5] Kesler did

---

[1] Dkt. 16 at 37.

[2] Dkt. 1.

[3] Dkt. 2.

[4] Dkt. 5.

[5] Dkt. 50.

not file another motion listing the names and addresses of the Defendants. To date, the docket reflects no timely service on any of the named Defendants.

Kesler is a pro se litigant. Pro se litigants are held to less stringent standards than are parties formally represented by lawyers.[6] However, a litigant's "*pro se* status does not excuse the obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure."[7] Rule 4(m) of the Federal Rules of Civil Procedure, requires that a plaintiff serve a defendant "within 90 days after the complaint is filed."[8] If the plaintiff fails to effect service within the 90 days, "the court . . . on its own after notice to the plaintiff–must dismiss the action without prejudice."[9]

Kesler has not provided proof that she served the named Defendants in compliance with Rule 4. Kesler filed her Amended Complaint on July 20, 2018.[10] Under Rule 4, she was required to serve all Defendants by October 18, 2018. No proof of service for any Defendant has been provided since Kesler filed this action. Kesler maintains that on June 15, 2018, "all parties were served at their business address by the United States Postal Service."[11] Kesler, however, fails to provide proof of service, and that such service complies with Federal or State Rules of Civil Procedure.[12]

Timely service is a prerequisite to prosecuting a case. Therefore, Kesler is ORDERED to provide the court with proof that she lawfully and timely served all Defendants within ninety

---

[6] *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972) (recognizing that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers").

[7] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[8] Fed. R. Civ. P. 4(m).

[9] *Id.*

[10] Dkt. 16.

[11] Dkt. 19 at 2.

[12] Federal Rule of Civil Procedure 4(e)(1) allows a part to be served by "following state law."

(90) days after filing her Amended Complaint. Kesler must provide this proof to the court by no later than 5:00 p.m. on March 27, 2019. Failure to timely respond by the specified date and time with the requested proof of lawful and timely service will result in dismissal of this case without prejudice.

SO ORDERED this 19th day of March, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge