IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH

| | |
|---|---|
| ALICIA KESLER,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>    Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:18-cv-469<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke C. Wells |

Before the court are Plaintiff Alicia Kesler's Motion for Reconsideration[1] and Motion for Default Judgment.[2] For the reasons discussed below, the court Denies Kesler's Motions.

On March 20, 2019, the court issued an Order to Show Cause[3] directing Plaintiff Alicia Kesler to establish why her Amended Complaint[4] should not be dismissed for failure to effect service on Defendants. Kesler did not respond to the court's Order. On March 28, 2019, the court dismissed the case[5] and entered judgment in favor of Defendants.[6] After judgment was entered, Kesler filed on April 8, 2019, the current Motion for Reconsideration and Motion for Default Judgment.

A motion for reconsideration may be granted based on (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or

---

[1] Dkt. 99.

[2] Dkt. 100.

[3] Dkt. 95.

[4] Dkt. 16.

[5] Dkt. 97

[6] Dkt. 98.

prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The court should only grant such a motion "in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Kesler's Motion for Reconsideration is Denied because the court finds that there are no exceptional circumstances in this case warranting reconsideration. Without providing justification as to why she did not respond to the court's Order to Show Cause, Kesler notes entries on the docket that indicate summons had been issued as to the Defendants,[7] and argues that she "presumes that [the] summon[s'] [were] served by a US Marshal, at instruction of the Court."[8] Judge Wells, however, previously denied Kesler's request for official service of process.[9] It was thus Kesler's responsibility to serve each Defendant with a copy of the summons–issued by the Clerk of Court–and the Amended Complaint.[10] Kesler provides no evidence, new or otherwise, indicating that she lawfully and timely served Defendants with a summons and Amended Complaint, nor does she point to any other circumstance that would warrant reconsideration. Therefore, the court Denies Kesler's Motion for Reconsideration.

While the court is not permitted to provide legal advice to parties, a dismissal without prejudice is not a dismissal on the merits.[11] A plaintiff who has a claim dismissed without

---

[7] *See* dkts. 66–86.

[8] Dkt. 99 at 5.

[9] Dkt. 50.

[10] *See* Fed. R. Civ. P. 4(c)(1).

[11] *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim.").

prejudice–as is the case here–is not prohibited from refiling claims in accordance with the applicable rules, if they so choose.

With respect to Kesler's Motion for Default Judgment, the court has dismissed Kesler's Amended Complaint and thus no operative pleading exists on which the court can enter judgment. Kesler's request for default judgment is therefore Denied.

SO ORDERED this 22nd day of April, 2019.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge
