UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALICIA KESLER,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS; SCOTT LUNDBERG ASSOCIATES; J. SCOTT LUNDBERG; ARGENT MORTGAGE; BACKMAN STEWART TITLE CORPORATION; FIRST FRANKLIN FINANCIAL CORPORATION; FIDELITY NATIONAL TITLE; PNC FINANCIAL SERVICES GROUP; FIRST AMERICAN TITLE; SELECT PORTFOLIO SERVICING; ANGELA ATENA; GREG OTT; GARY OTT; CHARLES BROWN & ASSOCIATES, PLLC, dba DOCSOLUTION, INC.; eTITLE INSURANCE; SHELLPOINT LLC; MTGLQ INVESTORS; NEW PENN FINANCIAL, LLC, dba SHELLPOINT MORTGAGE SERVICING; STEPHANIE WESSEL; KEVIN MORAN; MARISSA RAMSEY; THE TRUSTEE COMPANY; LUNDBERG & ASSOCIATES, PC; RM LIFESTYLES; and JOHN DOE or MARY ROWE,<br><br>        Defendants. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS (DOC. NO. 122) AND TO DISMISS AMENDED COMPLAINT (DOC. NO. 117) WITH PREJUDICE**<br><br>Case No. 2:18-cv-00469-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Alicia Kesler, proceeding *in forma pauperis*, filed this action against numerous defendants in the banking and real estate industries on June 12, 2018, challenging the 2017 foreclosure of her home. (Compl., Doc. No. 3.) After the lengthy procedural history described below, Ms. Kesler filed an Amended Complaint (Doc. No. 117) on July 13, 2020,

1

which is the operative complaint in this case.  On August 3, 2020, three defendants filed a motion to dismiss Ms. Kesler's claims against them.  (Doc. No. 122.)

Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), as well as the briefing on the motion to dismiss, it is evident Ms. Kesler's Amended Complaint is frivolous and fails to state a plausible claim for relief against any of the defendants in this action.  Accordingly, as explained below, the undersigned[1] RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 122) and DISMISS Ms. Kesler's Amended Complaint (Doc. No. 117) with prejudice.

## PROCEDURAL HISTORY

Ms. Kesler was granted leave to proceed *in forma pauperis* in this action on June 12, 2018.  (Doc. No. 2.)  Her original complaint was filed the same day.  (Compl., Doc. No. 3.)  Ms. Kesler named more than twenty entities and individuals as defendants, including various title companies, mortgage servicers, law firms, and their employees.  (*Id.*)

On July 10, 2018, the assigned magistrate judge[2] reviewed Ms. Kesler's complaint pursuant to 28 U.S.C. § 1915 and found it failed to adequately set forth any claim for relief.  (Doc. No. 14.)  The court ordered Ms. Kesler to file an amended complaint within thirty days.  (*Id.*)  Ms. Kesler filed her first amended complaint on July 20, 2018, naming the same defendants.  (Doc. No. 16.)  Ms. Kesler also filed dozens of other motions and notices in the months after the case was filed.  Several defendants also appeared in the case and filed motions to dismiss.

---

[1] District Judge Robert J. Shelby referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) on July 20, 2020.  (Doc. No. 119.)

[2] At that time, the case was referred to Magistrate Judge Brooke C. Wells.  (Doc. No. 6.)

Among the numerous motions Ms. Kesler filed was a motion for service of process (Doc. No. 5) pursuant to 28 U.S.C. § 1915, which provides that "officers of the court shall issue and serve all process" in cases where the plaintiff proceeds *in forma pauperis*.  28 U.S.C. § 1915(d).  The assigned magistrate judge denied the motion because Ms. Kesler did not list the names and addresses of the defendants to be served.  (Doc. No. 50.)  On March 19, 2019, the district judge issued an Order to Show Cause to Ms. Kesler for failure to effect service of process.  (Doc. No. 95.)  The district judge noted Ms. Kesler had neither provided names and addresses for court service following the magistrate judge's order, nor served the defendants herself.  (*Id.*)  The order required Ms. Kesler to file proof of service within eight days.  (*Id.*)  Ms. Kesler did not respond to the Order to Show Cause, and the court dismissed the case without prejudice for failure to effect service on March 28, 2019.  (Doc. No. 97.)  Ms. Kesler appealed the dismissal to the Tenth Circuit.  (Doc. No. 105.)  The Tenth Circuit dismissed the appeal for lack of jurisdiction, finding the district court dismissed only Ms. Kesler's complaint and not the entire case, and that the case could proceed if Ms. Kesler filed a new complaint.  (Doc. No. 112.)

On April 20, 2020, the district court entered an order instructing Ms. Kesler that if she wished to proceed, she must either refile her first amended complaint or file a new complaint.  (Doc. No. 114.)  On July 20, 2020, Ms. Kesler filed a new Amended Complaint (Am. Compl., Doc. No. 117), which is now the operative complaint in this action.  The same day, she filed a document entitled "Amended Motion" which purported to narrow the list of defendants to only ten of those named in her prior complaints.  (Doc. No. 120.)

On July 31, 2020, the court issued an order notifying Ms. Kesler it would review her Amended Complaint under 28 U.S.C. § 1915(e).  (Doc. No. 121.)  The order also provided the court would "neither require nor proceed with service of process upon Defendants until this

review has been completed," and that "the time for any served defendants to respond to the Amended Complaint is hereby tolled until the court completes its review under 28 U.S.C. § 1915(e)." (*Id.*)

On August 3, 2020, three of the defendants named in the Amended Complaint—NewRez LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, MTGLQ Investors LP, and Stephanie Wessel (the "Shellpoint Defendants")—moved to dismiss Ms. Kesler's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 122.) This motion is now fully briefed. No other defendants have appeared since the case was reopened following the appeal.

## **LEGAL STANDARD**

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may "dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Dismissal is appropriate when "it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Phillips v. Layden*, 434 F. App'x 774, 775 (10th Cir. 2011) (unpublished) (alterations in original) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096,

4

1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.  *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).  But the court need not accept the plaintiff's conclusory allegations as true.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff must offer specific factual allegations to support each claim."  *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."  *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  This standard applies to "'claim[s] based on an indisputably meritless legal theory' or 'claims describing fantastic or delusional scenarios.'"  *Johnson v. Doe*, 741 F. App'x 573, 576 (10th Cir. July 10, 2018) (unpublished) (alteration in original) (quoting *Neitzke*, 490 U.S. at 327)).  "[A] finding of factual

5

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *McEntire v. Federated Inv. Mgmt.*, 510 F. App'x 792, 793 (10th Cir. Feb. 13, 2013) (unpublished) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Because Ms. Kesler proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

### A. Shellpoint Defendants' Motion to Dismiss (Doc. No. 122)

In their motion to dismiss, the Shellpoint Defendants argue the Amended Complaint fails to state a claim against them because it alleges no acts committed by them and does not explain how they injured Ms. Kesler. (Mot. to Dismiss 2, Doc. No. 122.) In opposition, Ms. Kesler erroneously argues motions to dismiss are permitted only for counterclaims, and not for complaints. (Mot. Resp., Doc. No. 126 at 4.) This argument is plainly incorrect. *See* Fed. R. Civ. P. 12(b) (permitting parties to assert certain defenses to claims by motion, including the

defense of "failure to state a claim upon which relief can be granted"). Ms. Kesler's opposition also refers to various federal statutes and regulations governing banks, but she does explain how the Shellpoint Defendants are connected to the allegations in her Amended Complaint or how they have harmed her in any way. (Mot. Resp., Doc. No. 126 at 5–12.)

Ms. Kesler's Amended Complaint (Doc. No. 117) and the attached exhibit[3] (Doc. No. 117-1) contain no mention whatsoever of any of the Shellpoint Defendants. Because Ms. Kesler fails to make any allegations regarding these defendants, she fails to state a claim for relief against them. Accordingly, the undersigned RECOMMENDS the district judge GRANT the Shellpoint Defendants' motion to dismiss (Doc. No. 122).

### B. 28 U.S.C. § 1915 Review

The court next reviews the Amended Complaint under 28 U.S.C. § 1915(e) to determine whether it states a plausible claim for relief against any of the other defendants.

The allegations in Ms. Kesler's Amended Complaint are difficult to discern but appear to primarily relate to the 2017 foreclosure of her home. Ms. Kesler alleges she and her then-husband "appropriated property [in] Utah" in 1997 and obtained a loan "due to economic duress forced on the People by banks paying our legislators to unlawfully distribute federal reserve notes." (Am. Compl. 4, Doc. No. 117.) She contends the loan was refinanced several times and was held by various named defendants. (*Id.*) She alleges her home was foreclosed upon in 2017 while she was working on refinancing the loan, which she claims was "contrary to the [C]onstitution." (*Id.* at 4–5.) Ms. Kesler alleges she filed for bankruptcy on the date of the

---

[3] The court considers both the Amended Complaint and the attached exhibit to determine whether Ms. Kesler has stated a claim for relief. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . .").

foreclosure sale to attempt to stay the proceedings, but the home was sold at auction. (*Id.* at 5.) She asserts this occurred "[w]ithout due process" and in violation of the bankruptcy stay. (*Id.*) Without offering further details, she also appears to allege the foreclosure was unlawful because the chain of title was broken. (*Id.*) Ms. Kesler alleges a hearing was held in a Utah state court on November 6, 2017, regarding the foreclosure. (*Id.*) She does not explain what occurred at the hearing, but she asserts her Seventh Amendment right to a jury trial was violated and that the "appropriation" of her property was unconstitutional and void. (*Id.*)

The Amended Complaint lists several causes of action including "trespass," "trespass on the case," and "replevin," without explaining how Ms. Kesler's allegations relate to these claims. (*Id.* at 2.) The Amended Complaint also refers to the Magna Carta, the Declaration of Independence, the United States Constitution, and the Bill of Rights as the "law of the case." (*Id.*) Ms. Kesler claims she suffered injuries including emotional distress, lost wages, and loss of earning potential, and she seeks $1 billion in damages. (*Id.* at 6.)

Ms. Kesler attached an exhibit to the Amended Complaint entitled "Paris' Outsource Paralegal Services, Inc.'s Amended Limited Forensic Analysis of Chain of Title Report." (Doc. No. 117-1.) The report purports to identify various "questionable documents" and recommends "further investigation" of potential issues concerning the title to Ms. Kesler's foreclosed property. (*Id.*)

Ms. Kesler's Amended Complaint and the attached exhibit contain no concrete allegations of wrongdoing by any of the named defendants which would support a plausible claim for relief. Ms. Kesler's assertion that the foreclosure of her home was "contrary to the [C]onstitution" is conclusory and unsupported by factual development or colorable legal theories. Moreover, she does not connect this allegation to any specific action by the named

8

defendants.  Ms. Kesler's references to state-law claims for trespass and replevin are also conclusory and unsupported by factual allegations regarding actions of the named defendants.

To the extent Ms. Kesler alleges the state-court foreclosure proceedings were procedurally improper or violated her constitutional rights, federal review of those proceedings is barred under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine recognizes that "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments." *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished).  Put differently, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994); *see also Bisbee*, 3 F. App'x at 822.  The state appellate process is the proper forum for Ms. Kesler to raise procedural or constitutional challenges to the state-court foreclosure proceedings and to request review of any judgments or orders in those proceedings.  Furthermore, as noted above, Ms. Kesler does not explain how any procedural defects or constitutional violations in those proceedings were specifically caused by actions of the named defendants.

For these reasons, Ms. Kesler's Amended Complaint fails to state a plausible claim for relief against any of the defendants in this action.  Her Amended Complaint also fails to comply with the pleading requirements of Rule 8, and many of her allegations are frivolous.  Because Ms. Kesler has already amended her complaint twice in this action, it would be futile to give her further opportunities for amendment.  Accordingly, the undersigned RECOMMENDS the district judge DISMISS the Amended Complaint (Doc. No. 117) with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 122) and DISMISS Ms. Kesler's Amended Complaint (Doc. No. 117) with prejudice.

The court will send copies of this Report and Recommendation to all parties who have appeared, who the court hereby notifies of their right to object to the same.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  *Id.*  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of January, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge