IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALICIA KESLER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, et al.,<br><br>Defendants. | **ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND CLOSING CASE**<br><br>Case No. 2:18-cv-00469-RJS-DAO<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

This case arises out of the 2017 foreclosure and sale of pro se Plaintiff Alicia Kesler's home. This case was referred to Magistrate Judge Daphne A. Oberg pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On January 20, 2021, Judge Oberg entered a Report and Recommendation recommending the undersigned dismiss with prejudice Kessler's Second Amended Complaint.[2] Kesler timely filed an Objection to the Report.[3] For the reasons explained below, the court OVERRULES Kesler's Objection, adopts Judge Oberg's Report in full, and dismisses the Second Amended Complaint with prejudice.

## BACKGROUND

On June 12, 2018, Magistrate Judge Evelyn Furse granted Kesler's Motion for Leave to Proceed *in forma pauperis*.[4] The same day, Kesler filed her initial Complaint against Defendants

---

[1] Dkt. 119.

[2] Dkt. 133.

[3] Dkt. 134 (Plaintiff's Objection).

[4] Dkt. 2 (Order on Application to Proceed Without Payment of Fees). Although the Motion for Leave to Proceed *in forma pauperis* was assigned to Magistrate Judge Furse, this case was later referred to Magistrate Judge Brooke C. Wells. Dkt. 6. On July 20, 2020, this case was referred to Magistrate Judge Oberg. Dkt. 119.

Argent Mortgage, Angela Atena, Backman Stewart Title, Charles Brown & Associates, Countrywide Home Loans, Etitle Insurance, Fidelity National Title, First American Title, First Franklin Financial, J. Scott Lundberg, Lundberg & Associates, MTGLO Investors, Kevin Moran, New Penn Financial, Gary Ott, Greg Ott, PNC Financial Services Group, RM Lifestyles, Marissa Ramsey, Scott Lundberg Associates, Select Portfolio Servicing, Shellpoint, The Trustee Company, Stephanie Wessel.[5] Kesler also filed a Motion for Service of Process pursuant to 28 U.S.C. § 1915(d).[6] On July 20, 2018 Kesler filed her First Amended Complaint.[7]

On August 27, 2018, then-Magistrate Judge Brooke C. Wells denied the Motion for Service of Process because Kesler did not list the names and addresses of the Defendants to be served.[8] On March 20, 2019, the court issued an Order to Show Cause directing Kesler to establish why her Amended Complaint should not be dismissed for failure to effect service on the Defendants.[9] Kesler did not respond to the Order to Show Cause, and on March 28, 2019, the court dismissed her Amended Complaint without prejudice.[10] Kesler appealed the dismissal to the Tenth Circuit Court of Appeals.[11] On January 3, 2020, the Tenth Circuit dismissed the appeal for lack of jurisdiction because the dismissal was not a final order.[12]

---

[5] Dkt. 3 (Original Complaint).

[6] Dkt. 5 (Motion for Service of Process).

[7] Dkt. 16 (First Amended Complaint).

[8] Dkt. 50 (Order denying Plaintiff's Motion for Service of Process).

[9] Dkt. 95 (Order to Show Cause).

[10] Dkt. 97 (Order Dismissing Amended Complaint).

[11] Dkt. 105 (Notice of Appeal).

[12] Dkt. 112 (Order Dismissing Appeal).

On July 13, 2020, Kesler filed her Second Amended Complaint (SAC), now the operative Complaint.[13] In her SAC Kesler seeks recovery of one billion dollars for trespass, trespass on the case, and replevin for the 2017 foreclosure and sale of Kesler's home in Utah.[14]

On July 31, 2020, the court issued an Order notifying Kesler it would review the SAC under 28 U.S.C. § 1915(e) because Kesler is proceeding *in forma pauperis*.[15] On August 3, 2020, Defendants MTGLO Investors, New Penn Financial, Shellpoint, and Stephanie Wessel (collectively, Shellpoint Defendants) moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6).[16] Shellpoint Defendants argue Kesler's SAC does not make any specific allegations about them nor does it "explain how they injured her."[17]

After reviewing the parties' briefing on the Motion to Dismiss and evaluating the SAC under 28 U.S.C. § 1915(e)(2)(B), Judge Oberg issued a Report and Recommendation recommending the dismissal of Kesler's SAC with prejudice.[18] Specifically, Judge Oberg concluded: (1) the SAC fails to state a claim against the Shellpoint Defendants because none of the factual allegations mention MTGLO Investors, New Penn Financial, Shellpoint, or Stephanie Wessel;[19] and (2) the SAC should be dismissed after review under 28 U.S.C. § 1915(e)(2)(B) because it fails to state a plausible claim for relief, does not comply with the pleading

---

[13] Dkt. 117 (Second Amended Complaint).

[14] Dkt. 117. About a week after filing the SAC, Kesler filed what she captioned an "Amended Motion" (dkt. 120) to "follow up" on the SAC to "reflect [she] has narrowed the Wrongdoers down" in the case to the following: New Penn Financial LLC dba Shellpoint Mortgage Servicing, Shellpoint LLC, MTGLQ, Stephanie Wessel, Scott Lundberg, Scott Lundberg E-Title Insurance, Select Portfolio Servicing, Inc., Greg Ott, and Ron Myers aka RM Lifestyles. Kesler sought no specific relief in this filing, and the court has treated it as a Notice. Dkt. 139 (Docket Text Order).

[15] Dkt. 121 (Order Modifying Prior Order).

[16] Dkt. 122 (Motion to Dismiss).

[17] *Id.* at 2.

[18] Dkt. 133.

[19] *Id.* at 7.

requirements of Rule 8, and "many of her allegations are frivolous."[20]  Judge Oberg recommends dismissal with prejudice because "Kesler has already amended her complaint twice in this action" and "it would be futile to give her further opportunities for amendment."[21]

On February 2, 2021, Kesler timely filed an Objection to the Report.[22]  The Objection largely takes issue with specific statements from the Report and Recommendation's background and legal standard sections.[23]  Kesler argues certain events in the background section have "deprived [] Kesler of the benefits of Trial by Jury,"[24] subjected her to slavery "violating 'Article XIII,'"[25] and "obstructed the Administration of Justice."[26]  Kesler further asserts the legal standard section subjects her "to a constitution foreign to our [C]onstitution" and deprives Kesler "of the benefits of Trial by Jury."[27]  Kesler also argues throughout her Objection that she has adequately stated a claim.[28]

## Legal Standard

Under Rule 72(b)(3), when a party objects to a magistrate judge's recommended resolution of a dispositive motion, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[29]  To qualify as a proper

---

[20] *Id.* at 9.

[21] Dkt. 133 at 9.

[22] Dkt. 134.

[23] *See* Dkt. 134 ¶¶ 3–11.

[24] *Id.* ¶ 5.

[25] *Id.* ¶ 6.

[26] *Id.* ¶ 7.

[27] *Id.* ¶¶ 9.

[28] *Id.* ¶¶ 1, 2, 11.

[29] Fed. R. Civ. P. 72(b)(3); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court.") (citations omitted).

objection triggering de novo review, the objection must be both timely and specific.[30] Indeed, "only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act[.]"[31] Thus, de novo review is not required where a party's objections to a magistrate judge's disposition are either indecipherable or overly general.[32] Concerning unobjected to portions of a report and recommendation, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[33] This court reviews unobjected-to portions of a report and recommendation for clear error.[34]

Kesler is a pro se litigant. Pro se litigants are held to less stringent standards than parties formally represented by lawyers,[35] and their filings are "to be liberally construed."[36] A litigant's pro se status, however, "does not excuse the obligation . . . to comply with the fundamental

---

[30] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[31] *Id.*

[32] *See id.* ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.") (citation omitted); *see also Moore v. Astrue*, 491 F. App'x 921, 922 (10th Cir. 2012) (upholding district court's clear error review of magistrate judge's report and recommendation because Plaintiffs objected only "generally to every finding" in the report).

[33] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *id.* at 154 (noting that "it is the district court, not the court of appeals, that must exercise supervision over the magistrate," so that "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard").

[34] *See, e.g., Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citing *Campbell v. U.S. Dist. Court for N. Dist. Of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

[35] *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

[36] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted).

5

requirements of the Federal Rules of Civil . . . Procedure."[37] Further, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[38]

## ANALYSIS

In her Objection, Kesler argues the Report and Recommendation's conclusion "is in fact not evident, either to the record or evidence in record and is contradicted by the wrongdoer's own testimony."[39] Kesler also insists she has "[s]tated in her [c]laim in depth and as described in every filing, alleging the Wrongdoers as bad actors in the illegal foreclosure and fraudulently taking of her home depriving [] Kesler life, [l]iberty and property."[40] The court understands Kesler to object to the part of the Report recommending her SAC be dismissed for failure to state a claim after review under 28 U.S.C. § 1915(e)(2)(B).

The court reviews the Report and Recommendation in two steps. First, the court will review *de novo* the conclusion that Kesler's SAC fails to state a claim after review under 28 U.S.C. § 1915(e)(2)(B). The court then reviews the remainder for clear error, as none of Kesler's other arguments can be liberally construed as objecting to any other portion of the Report and Recommendation.[41]

---

[37] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[38] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[39] Dkt. 134 ¶¶ 2, 11.

[40] Dkt. 134 ¶ 1.

[41] Even liberally construing Kessler's Objection, the court cannot understand Kesler to object to the Report and Recommendation's conclusion regarding the SAC's failure to state a claim against the Shellpoint Defendants. The only specific mention of the Shellpoint Defendants in Kesler's Objection is: "[t]here was a question by attorney Alan Hurst as to Stephanie Wessell's actions in this lawsuit." Dkt. 134 ¶ 8. This sentence is followed by a list of unexplained title research and data. Dkt. 134 ¶ 8. None of the title research or data is included in the SAC and is supplied without any explanation how it relates to the Report and Recommendation. Dkt. 134 ¶ 8. Kesler also quotes several statements from Judge Oberg's statement of the Background of this case and the legal standard for review under 28 U.S.C.A. § 1915 and Federal Rule of Procedure 12(b)(6). Because these objections have no bearing on the disposition of this case, the court does not separately address those objections here.

6

**I.     28 U.S.C. § 1915 Review**

When the court authorizes a litigant to proceed *in forma pauperis* under 28 U.S.C. §1915, the court is required to dismiss actions that are frivolous or fail to state a claim upon which relief may be granted.[42] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[43] To determine whether a dismissal is proper the court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[44] However, the court will not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[45] "To state a claim, a complaint must 'make clear exactly who is alleged to have done *what* to *whom*.'"[46]

To determine whether the SAC has stated a claim under § 1915(e)(2)(B), courts use the same standard employed "for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."[47] Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[48] A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[49] "Though a

---

[42] *See* 28 U.S.C. § 1915(e)(2)(B).

[43] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001)).

[44] *Id.* at 1217 (quoting *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[46] *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[47] *Kay*, 500 F.3d at 1217 (citation omitted).

[48] *Iqbal*, 556 U.S. at 678 (citation omitted).

[49] *Id.*

complaint need not provide detailed factual allegations, it must give just enough factual detail to provide fair notice of what the . . . claim is and the grounds upon which it rests."[50]

Kesler has failed to state a claim under § 1915(e)(2)(B).[51] In the SAC, Kesler alleges she took out a mortgage on her property and refinanced that mortgage three times from 2002–2004.[52] Kesler alleges she was trying to refinance again in 2017 when she was notified "there was no remedy for the foreclosure" of her property and "her property was going to sell Monday September 25, 2017."[53] Kesler then alleges her property was sold after the stay was lifted in her Chapter 13 bankruptcy proceedings.[54] Kesler also attached an exhibit to the SAC entitled "Paris' Outsource Paralegal Services, Inc.'s Amended Limited Forensic Analysis of Chain of Title Report."[55] The report purports to identify various "questionable documents" and recommends "further investigation" of potential issues concerning the title to Ms. Kesler's foreclosed property.[56]

---

[50] *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

[51] The SAC lacks a specific jurisdictional allegation, as required by Fed.R.Civ.P. (8)(a)(1). But while the facts alleged in the SAC expressly demonstrate a lack of diversity jurisdiction (*see* dkt. 117 ¶ 14), Kesler appears to invoke federal question jurisdiction, citing the Constitution of the United States as the basis for her claims. *See* Dkt. 117 at 1, ¶ 14. Kesler cites the Constitution and the Bill of Rights as the "law of the case" in her SAC, Kesler alleges the sale of her property was "contrary to the constitution." Dkt. 117 ¶ 14. Kesler also alleges the sale of her property "[v]iolates the 7th amendment to the Constitution of the United States by way of the sales denying the People's right in any controversy that exceeds 20$ to the benefits of a Trial by Jury, and violating ex parte and ex post facto, so the appropriation is void from the beginning." Dkt. 117 ¶ 14. Liberally construing Kesler's SAC, this is sufficient to satisfy the requirement of Fed.R.Civ.P. (8)(a)(1), and the court's own obligation to find a basis for federal question subject matter jurisdiction where diversity is plainly absent. *See Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 745 n.9 (1975)) (noting "it is well settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute").

[52] Dkt. 117 ¶¶ 4–8.

[53] Dkt. 117 ¶¶ 12–14.

[54] Dkt. 117 ¶ 14.

[55] *See* Dkt. 117-1 (Chain of Title Report).

[56] Dkt. 117-1 at ECF 4.

Kesler purports to bring three causes of action with the SAC: "trespass," "trespass on the case," and "replevin."[57] Kesler does not explain how the allegations in her SAC relate to these claims. Throughout the SAC, Kesler makes conclusory statements that the events were "contrary to the [C]onstitution."[58] The SAC also describes as the "law of the case" the Magna Carta, the Declaration of Independence, the United States Constitution, and the Bill of Rights.[59]

Taking all Kesler's factual allegations as true, as the court must, the SAC cannot prevail on the facts as alleged. The SAC contains no factual allegations connecting facts related to the foreclosure of her home to any action by Defendants or how those actions violated the Constitution. At bottom, the SAC does not plausibly state a legal claim for relief under the Constitution. Without these allegations, Kesler's SAC has failed to state a claim under § 1915(e)(2)(B).

## II.     The Remainder of the Report and Recommendation

Having reviewed the remainder of the Report and Recommendation, the court finds no clear error in any of Judge Oberg's conclusions. Accordingly, the court adopts the Report and Recommendation in its entirety.

---

[57] Dkt. 117 ¶ 1.
[58] Dkt. 117 ¶ 14.
[59] Dkt. 117 ¶ at 2.

## CONCLUSION

For the reasons stated above, Kesler's Objection[60] is OVERRULED, and Defendants' Motion to Dismiss[61] is GRANTED. The action is dismissed with prejudice as to all Defendants. The Clerk of Court is directed to close the case.

SO ORDERED this 26th day of March 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[60] Dkt. 135.

[61] Dkt. 122.